UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:10CV00799 AGF |
| SEQUOIA VOTING SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Summary Judgment (Doc. 19) filed by Plaintiffs Avante International Technology, Inc., Amerasia International Technology, Inc., Cynthia Ting-Wah Chu, and Kevin Kwong-Tai Chung ("Plaintiffs"). Plaintiffs brought this breach of contract action against Defendant Sequoia Voting Systems, Inc. for Defendant's failure to pay monies as required by a settlement agreement. Plaintiffs now move the Court, pursuant to Federal Rule of Civil Procedure 56(a), for summary judgment, seeking the amounts due under the settlement agreement, together with interest and attorney's fees. For the reasons set forth below, the Court will grant Plaintiffs' motion with regard to liability and actual damages, but deny Plaintiffs' motion with respect to their request for consequential damages in the form of attorney's fees, interest and costs.

## The Facts

The record in this case establishes that Avante brought suit against Sequoia for manufacturing and selling voting equipment that allegedly infringed certain U.S. patents. See generally, Case Nos. 4:06CV00978-TCM, 4:08CV0587-TCM, and 4:08CV01367-TCM. In January 2010, after a final judgment of invalidity was entered in Case No. 4:06CV0978-TCM against certain of the patents, Plaintiffs entered into a written Settlement Agreement with Defendant and Dominion Voting Systems Corporation, to resolve and settle all remaining claims, counterclaims, and/or defenses remaining between them relating to the litigation. The Settlement Agreement provides that it shall be governed by Delaware law.

The Settlement Agreement provided, in part, that Avante, Chu and Chung would grant certain non-exclusive licenses to Sequoia related to the patents, provide a covenant not to assert or sue, and a mutual release. In exchange, Defendant agreed to pay to Avante a fixed sum in three equal installments on February 28, April 30, and June 30, 2010. (Doc. 23, Ex. A-1, ¶¶ 17 & 18). The parties to the Settlement Agreement also agreed, within three (3) business days of the execution of the Settlement Agreement, to dismiss, with prejudice, the pending patent lawsuits by filing stipulations of dismissal with prejudice. (Doc. 23, Ex. A-1, ¶ 20).

Plaintiffs fully performed their obligations under the Settlement Agreement. Avante, Chu and Chung granted non-exclusive patent licenses, and covenants not to assert or sue, and Plaintiffs granted a release to Sequoia pursuant to the Settlement Agreement. Stipulated Orders of Dismissal with Prejudice were also filed in Case Nos.

4:08CV0587-TCM and 4:08CV1367-TCM. (Doc. 23, Ex. A-1 at 29-34). Defendant, however, has failed to make any payment under the Settlement Agreement. In its response to the motion for summary judgment, Defendant admits that it has made no payments and has breached the Settlement Agreement, and offers no just cause or excuse for its breach.

## Summary Judgment Standard

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. Sokol & Assocs., Inc. v. Techsonic Indus., Inc., 495 F.3d 605, 610 (8th Cir. 2007).

The initial burden to establish the absence of material facts is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once discharged, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its

pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Can. Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

**Discussion**

In its Response and Partial Opposition to Plaintiffs' Motion for Summary Judgement (Doc. 24), Defendant asserts that Plaintiffs' motion fails as a matter of law because it is not properly supported by affidavits made on personal knowledge. Defendant also asserts that Plaintiffs have failed to establish the calculation and amount of damages they are entitled to receive for the breach, and failed to establish their entitlement to and amounts allegedly due for interest and attorney's fees.

A. <u>Liability</u>

In its response to the motion for summary judgment, Defendant does not contest its own breach; to the contrary, Defendant admits that it "does not dispute that it has breached the Settlement Agreement attached to the [Motion for Summary Judgment] by failing to make the payments called for therein." Nonetheless, Defendant contends that Plaintiffs' motion fails as a matter of law, because they have not established full performance, asserting that the affidavit of Plaintiffs' attorney attesting to Plaintiffs' full performance, is excludable as hearsay or an inadmissable opinion.

On this record, the Court finds that Plaintiffs have adequately established their own performance. In compliance with this Court's local rules, E.D. Mo. L.R. 4.01(E), Plaintiffs submitted a Statement of Uncontroverted Material Facts (Doc. 20 at 2 - 3) in support of their motion, which sets forth each purported fact in separately numbered paragraphs with appropriate citations to the record. Local Rule 4.01(E) further requires that every memorandum in opposition to a motion for summary judgment shall separately respond to each such fact, and identify any material issues of fact, with proper citation.

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party*. (emphasis added.)

Defendant's response does not include a statement of material facts as to which Defendant contends a genuine issue exists. Defendant simply argues in its brief that paragraph five of Plaintiffs' Statement of Uncontroverted Material Facts, which attests that "Avante has fully performed all of their obligations pursuant to the Settlement Agreement," is not supported by paragraph six of the attached affidavit of Sarah Burns. Id. at 6. In her affidavit, however, Ms. Burns attests that Plaintiffs "granted licenses, covenants not to sue, and releases of past claims to Sequoia . . . ." She is in a position to have personal knowledge of these facts, and to the extent there was any technical deficiency in the affidavit, it was thereafter cured by Plaintiffs.

Defendant nowhere contests the validity of the fact of Plaintiffs' performance, and does not even suggest the failure by Plaintiffs to comply with any aspect of the Settlement Agreement. Therefore, the facts set forth in Plaintiffs' Statement of Uncontroverted Material Facts are deemed admitted. See Northwest Bank and Trust Co. V. First Illinois Nat'l Bank, 354 F.3d 721, 724-25 (8th Cir. 2003) (holding that district court did not abuse its discretion in deeming plaintiff to have admitted all of defendant's statements of material facts, where plaintiff's response to defendant's statement of material facts, filed in connection with summary judgment motion, did not comport with the local rule); Hernandez v. Jarman, 340 F.3d 617, 622 (8th Cir. 2003) ("[I]n opposing a motion for summary judgment, a nonmoving party may not rely on mere denials or allegations in its pleadings, but must designate specific facts showing that there is a genuine issue for trial.").

More importantly, in its Conclusion, Defendant concedes that it has breached the Settlement Agreement, and states that it "does not oppose entry of partial, interlocutory summary judgment with respect to liability in accordance with Fed. R. Civ. P. 56(d)(2)." For this reason, as well, Plaintiffs are entitled to summary judgment on the issue of liability.

B. <u>Actual Damages</u>

Defendant also challenges Plaintiffs' assertion that they are entitled to judgment in the amount of the monies due under the Settlement Agreement, interest, and attorney's fees. Defendant contends that a material issue of fact is presented with regard to the amount of actual damages, and further asserts that Plaintiffs provide no support for their request for attorney's fees and interest, and fail to establish the amount of any such fees and interest.

The Settlement Agreement is governed by Delaware law, and Delaware law follows the Restatement (Second) of Contracts Section 347 with respect to the proper measure of damages. See <u>Duncan v. Theratx Inc.</u>, 775 A.2d 1019, 1022 (2001); <u>Donald M. Durkin Contracting, Inc. v. City of Newark</u>, 2008 WL 952984, *2 (D. Del. 2008). Under Delaware law, "the standard remedy for breach of contract is based upon the reasonable expectations of the parties *ex ante*." <u>Duncan</u>, 775 A.2d at 1022. Under the Restatement, a party's reasonable expectations, or expectation interest, is the amount of money necessary to put the harmed party in the same position as if the breaching party had fully performed the contract. <u>Id.</u> (citing § 347); <u>E.I. DuPont de Nemours and Co. v.</u>

Pensak et al., 679 A.2d 436, 445 (1996) (same). The Restatement provides that the non-breaching party is entitled to: "(a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or loss that he has avoided by not having to perform." City of Newark, 2008 WL 952984, *2 (citing § 347).

Defendant argues that because it breached the Settlement Agreement by failing to make payment, Plaintiffs are excused from having to continue to perform their continuing obligations under the Settlement Agreement. As such, Defendant asserts, Plaintiffs' expectancy damages should be reduced by the cost that Plaintiffs have avoided by not having to perform these perpetual obligations, and that Plaintiffs have not set forth the value of this continuing consideration Defendant alleges they have avoided.

The Court is unpersuaded by Defendant's argument, and finds that Plaintiffs are entitled to judgment as measured by the payment obligation set forth in the Settlement Agreement. While it is, of course, Plaintiffs' obligation to establish its damages, Plaintiffs have denied they will save any costs, and Defendant has not even suggested any "costs or loss" Avante would avoid by not being required to continue to perform under the Settlement Agreement. As Plaintiffs note, Avante would in fact incur costs because it would need to reinstate the lawsuits that Avante dismissed when it settled with Defendant. On this record, the Court finds that Defendant has failed to establish any material facts at issue with respect to the amount of actual damages.

The Court also rejects Defendant's assertion that Plaintiffs have failed to demonstrate that Chu and Chung are entitled to judgment because the Settlement Agreement did not create an obligation for Defendant to make payments to either of the individual Plaintiffs. The record establishes that Plaintiffs Chu and Chung were parties to the Settlement Agreement. (Doc. 23, Ex. A-1 at 2.) They also granted licenses to Defendant, made covenants not to sue Defendant, and released all past claims against Defendant, in consideration for Defendant's obligation to make payments to Plaintiff Avante. (Doc. 23, Ex. A-1, ¶¶ 12-19.) Accordingly, the Court finds that Plaintiffs Chu and Chung are entitled to judgment based on Defendant's admitted breach.

C. Consequential Damages

The Court does agree with Defendant, however, that Plaintiffs have not established that they are entitled to attorney's fees and interest, because such damages are not provided for by the terms of the Settlement Agreement and Plaintiffs have failed to provide any legal basis for such an award.

Under the traditional American rule, "parties must ordinarily bear their own attorneys' fees." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). See also, Fed. R. Civ. P. 54(d). While the parties may contract for the recovery of attorneys' fees upon a breach, they did not do so here.

Plaintiffs' reliance on Del. River & Bay Auth. v. Kopacz, 584 F.3d 622, 635 (3d Cir. 2009), the sole case to support their assertion that attorneys' fees, costs, and interest are included under incidental and consequential damages under Delaware law, is

9

misplaced. The holding in Kopacz was limited to cases arising under admiralty law, as were all the cases the Third Circuit cited in support of its holding. Moreover, the Court in Kopacz denied Kopacz's request for consequential damages in the form of attorneys' fees and costs, limiting their availability to instances "where a shipowner's refusal to pay maintenance and cure is unreasonable." Id. As such, Kopacz does not apply to this case and fails to provide a basis for an award of attorneys' fees or costs in this case. Kopacz also fails to address whether interest is included in consequential damages under Delaware law.

The Court therefore finds that Plaintiffs have failed to set forth a legal basis for their claim for consequential damages in the form of attorneys' fees, costs and interest, and are therefore not entitled to an award of attorneys' fees and interest. This in no way limits Plaintiffs' ability to recover costs under the Federal Rules, which allows for the taxing of costs, other than attorneys' fees, to the prevailing party.

## **Conclusion**

For the forgoing reasons, Plaintiffs are entitled to judgment as a matter of law with respect to their claim that Defendant breached the Settlement Agreement, and are entitled to damages in the amount of the settlement payments due under the agreement, and costs pursuant to Fed. R. Civ. P. 54(d). However, Plaintiffs have failed to establish their entitlement to an award of interest or attorneys' fees and are therefore not entitled to an award of interest or attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Avante International Technology, Inc., Amerasia International Technology, Inc., Cynthia Ting-Wah Chu, and Kevin Kwong-Tai Chung's Motion for Summary Judgment (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs Avante International Technology, Inc., Amerasia International Technology, Inc., Cynthia Ting-Wah Chu, and Kevin Kwong-Tai Chung's request for interest and attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that the trial setting in this matter is vacated.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.